UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA KYLOCHKO,

    Plaintiff,

v.                               Case No: 2:14-cv-196-FtM-29DNF

BIOMET, INC., BIOMET ORTHOPEDICS, LLC, and BIOMET U.S. RECONSTRUCTION, LLC,

    Defendants.

_____

**ORDER**

    This matter comes before the Court on review of the Complaint (Doc. #1) filed on April 7, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 14.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

    The Court is satisfied that the amount in controversy likely exceeds $75,000 based on the factual allegations of injury. Plaintiff alleges that she is a citizen of Florida, and defendant

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Biomet, Inc. is an Indiana corporation with its principal place of business in Indiana. (Doc. #1, ¶¶ 4, 5.) These allegations of citizenship are sufficient.

Plaintiff further alleges that defendant Biomet Orthopedics, LLC is a subsidiary of defendant Biomet US Reconstruction, LLC (identified as a "corporation"), which is a subsidiary of defendant Biomet, Inc., an Indiana corporation with its principal place of business in Indiana. (Id., ¶¶ 7, 9.) Plaintiff does not identify the individual members of the limited liability companies, or their citizenship, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of defendants, or that diversity of jurisdiction is present. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court notes that the Complaint incorporates by reference all of the allegations from each Count into each subsequent count. (Doc. #1, ¶¶ 67, 75, 82, 105, 115, 123, 130.) "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305

F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).  See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial.  Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).  Plaintiff will be required to address this deficiency in amending the pleading.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction and as a shotgun pleading without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of April, 2014.

*[signature]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of record

3